### KASOWER v. SANDLER et al.

(Supreme Court, Appellate Term.    December 27, 1905.)

1. EVIDENCE—CONCLUSIONS.
   Where, in a suit to recover possession of certain premises from a subtenant, defendant claimed the right to hold a corner basement under a lease covering the basement adjoining the corner, it was error for the court to permit the tenant under whom defendant claimed to testify that the lease to him, describing the basement adjoining the corner, referred to the corner basement then occupied by defendant; such evidence being merely the conclusion of the witness.
   [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2174.]

2. JUDGMENTS—RES JUDICATA—EVIDENCE.
   A final order in a hold-over proceeding by a tenant against a subtenant, to which the landlord was not a party, was not res judicata against the landlord, and was inadmissible in a subsequent proceeding by the landlord against such subtenant.
   [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1207.]

3. EVIDENCE—RELEVANCY.

In hold-over proceedings by a landlord against a subtenant, letters addressed to the landlord by the attorney for the petitioner in a prior similar proceeding by the tenant against his subtenant were irrelevant.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 403.]

4. LANDLORD AND TENANT—LEASES—CONSTRUCTION.

A subtenant could not sustain his right to hold a corner basement under a lease covering the basement adjoining the corner, where there was ample evidence that there was a basement other than the one occupied by the tenant answering such description, in the absence of a reformation of the lease or acts of the landlord after the making of such lease recognizing the identity of the basements.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 434, 436.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Abraham Kasower against Joseph Sandler and others. From a final order in favor of the tenant in hold-over proceedings, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for appellant.

Steuer & Hoffman, for respondents.

SCOTT, P. J. This is an appeal from a final order in favor of the tenant in hold-over proceedings. The allegation is that the tenant, Sandler, holds over and continues in possession of a basement directly under the corner of Rivington and Orchard streets, after the expiration of a lease which expired May 1, 1905. The answer is that he is entitled to hold over under a new lease. The facts are as follows: On April 27, 1900, one Sender Jarmulowsky, being the owner of the premises at the corner of Rivington and Orchard streets, known as "No. 78 to 84 Rivington Street," leased the entire premises to one Nathan Michaelson for a term expiring May 1, 1905. On September 29, 1902, Michaelson leased to one Meller for the term of two years ending May 1, 1905, the store at the northwest corner of Rivington and Orchard streets, "said store being the corner store together with the basement under the said store." On May 12, 1903, Meller sublet to the present respondent Sandler "a certain basement under the store known as 84 Rivington street," being, of course, the basement rented by Michaelson to Meller and described as the basement under the corner store. So far as Sandler's right to possession depended upon these leases it expired May 1, 1905. He claims, however, under another set of leases. It appears that after the appellant, Kasower, became the owner of the premises, and on October 21, 1904, he leased, for a term of three years from May 1, 1905, to one Samuel Deutchman "all of the certain basement adjoining the corner basement of the building known by the number 141 and 143 Orchard street"; this being concededly the same building, which was also known as "Nos. 78 to 84 Rivington Street." On October 28, 1904, Deutchman leased the same premises by the same description to the respondent Sandler for the same term. Sandler's position is that the premises covered by the first

chain of leases therein described as the "basement under the corner store" are identically the same premises as those covered by the second chain of leases, and therein described as the "basement adjoining the corner basement," and·this raises the only question involved in the proceeding.   On the face of the leases it would seem that the description could scarcely be intended to apply to the same basement.   It appears from the evidence that there are a number of basements under the building, two of them being on the Orchard street side; the tenant occupying the one on the corner, and the other one being next to it, and further from Rivington street.

There were a number of errors committed during the trial in the admission of evidence.   Deutchman was permitted to testify that the lease to him from the landlord referred to the same premises then occupied by Sandler; i. e., the corner basement.   This was merely a conclusion of the witness, and, even if evidence could properly be received to explain what was meant by the description in the lease, this evidence was clearly incompetent.   So, also, there was permitted to be introduced the record of a hold-over proceeding for the possession of the corner basement, brought by one Rothman under a lease from the landlord, against this tenant in which the final order went in favor of the tenant.   The landlord, although a witness, was not a party to the proceeding, and as between him and this respondent the final order in that proceeding was not res adjudicata.   Letters addressed to the landlord by the attorney for the petitioner in that proceeding were allowed to be read as evidence·in favor of the tenant, although their irrelevancy in this proceeding was clear.   A petition in summary proceedings against this tenant for nonpayment of rent was introduced, but this made rather for the landlord than for the tenant; for the rent demanded was not for the corner basement, but for the basement adjoining the corner basement.   As the record stands, the tenant claims the right to hold the corner basement under a lease covering the basement adjoining the corner, and there is ample evidence that there is a basement other than the one occupied by this tenant answering this description.   We are not prepared to hold that the "corner basement" and the "basement adjoining the corner" mean the same thing, unless the tenant in a proper action can obtain a decree reforming the lease under which he holds, or can show acts of the landlord after the making of the. lease to Deutchman recognizing the identity of the basements.

The final order must be reversed, and a new trial granted, with costs to the landlord appellant to abide the event.   All concur.